**EDWARD R. RAMIREZ, ESQ.  (State Bar No. 73655)**
**RAMIREZ & ASSOCIATES, LLP**
111 North Market Street, Suite 1010
San Jose, CA 95113
Telephone:  (408)876-4694
Facsimile: (888)742-2481

Attorney for Plaintiff ARMANDO AGUIRRE

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE  DIVISION

| | |
|---|---|
| ARMANDO AGUIRRE,  an individual, | **Case No.:** |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | |
| NATIONSTAR MORTGAGE, LLC, a Texas Limited Liability Corporation,  SAGE POINT LENDER SERVICES, LLC, a Texas Limited Liability Corporation, U.S. BANK, a National Association, AND DOES 1 through 10, inclusive, | 1. **VIOLATION OF HOMEOWNERS BILL OF RIGHTS**<br>2. **VIOLATION OF CIVIL CODE SECTION 2923.5**<br>3. **BREACH OF CONTRACT**<br>4. **INJUNCTIVE RELIEF** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

PLAINTIFF ARMANDO AGUIRRE alleges as follows:

### THE PARTIES

1. Plaintiff ARMANDO AGUIRRE (hereinafter "AGUIRRE" or "Plaintiff") is an individual residing at the property commonly known as 1425 Queens Avenue,

Modesto, CA  95355(hereinafter "Subject Property") in Stanislaus County in the State of California.

2. At all relevant times, NATIONSTAR MORTGAGE, LLC ("NATIONSTAR") is a limited liability corporate entity formed the State of Texas and doing business within the County of Santa Clara, in the State of California.

3. At all relevant times, SAGE POINT LENDER SERVICES, LLC ("SAGE") is a limited liability corporate entity formed the State of Texas and doing business within the County of Santa Clara, in the State of California.

4. At all relevant times, U.S. BANK, NA, A NATIONAL ASSOCIATION, ("U.S. BANK") is a National Association doing business within the County of Santa Clara, in the State of California.

5. Plaintiff is uncertain of the true identities of those complaint allege the true names and identities of said defendants if and when the same are ascertained.

6. Plaintiff is informed, believes, and thereon alleges that at all times mentioned in this Complaint Defendants were agents, servants, partners and/or employees of co-defendants, and in doing the actions mentioned below were, unless otherwise alleged, within the course and scope of their authority as such agent, servant, partner, and/or employee with the permission and consent of co-defendants.

7. Plaintiff is informed, believes, and thereon alleges that each of said Defendants including the DOE defendants, were in some manner legally responsible for the unlawful actions, unlawful policies, and unlawful practices complained of herein. Plaintiff will amend this Complaint to set forth the true names and capacities of said Defendants, along with the appropriate charging allegations, when the same have been ascertained.

## JURISDICTION

8. This Court has jurisdiction based upon the transactions at issue were consummated in Santa Clara County. The amount in controversy is in excess of the jurisdictional requirement.

## GENERAL ALLEGATIONS

9. Defendants, and each of them, are mortgage lenders or mortgage service providers or investors who prey upon people losing their homes in foreclosure with full and complete knowledge that the foreclosure itself is wrongful and unlawful.

10. This action is brought against Defendants who engaged in wrongful foreclosure proceedings, predatory lending, conversion, and other illegal and wrongful acts in violation of civil code section 2923.5. Defendants have intentionally and maliciously violated California Law by filing a Notice of Default which is not in compliance with California Law. Defendants have failed to provide a due diligence statement which is required prior to filing a Notice of Default.

11. This action is brought against Defendants who have engaged in wrongful foreclosure in violation of the Homeowners Bill of Rights which is effective January 1, 2013, and incorporated in California Civil Codes Sections, 2923, et.seq. Defendants have willfully, maliciously and intentionally violated these statutes.

12. Plaintiff is informed, believes, and thereon alleges that Defendants, and each of them knew or should have known the home loan provided to Plaintiff was malicious, wrongful, and unlawful for the reasons set out in greater detail in this Complaint.

## SPECIFIC ALLEGATIONS

13. In July 2007, Countrywide Bank originated the subject loan.  Countrywide originated this subprime loan for $296,000, and used fraudulent tactics, including but not limited to changing of Plaintiff's mortgage application, making false promises, making false representations.

14. In July 2007, Plaintiff executed a promissory note in favor of Countrywide.

15. In November 2013, the subject loan was burdens assigned to Defendant, Nationstar Mortgage, LLC.  Defendant assumed the benefits and burdens of the original loan.

16. When Countrywide originated the subject loan they changed the numbers on the application, without Plaintiff's knowledge.  They did so in order to qualify Plaintiff for a loan for which she did not qualify.

17. Defendant has also made false statements on the Due Diligence Statement filed with the Notice of Default in this case.

18. A Notice of Default was recorded on May 7, 2014.  Defendant did not perform any due diligence prior to filing a Notice of Default.

19. Defendant Nationstar was processing a loan modification for Plaintiff, while at the same time tracking and processing a foreclosure sale of the Subject Property.

18. A Notice of Sale was recorded by TRUSTEE on August 14, 2014.

19. DEFENDANTS did not make contact with Plaintiff as required by Civil Code Section 2923.5.

20.   TRUSTEE has robo-signed the Notice of Default and Notice of Sale.

21. The Notice of Default issued on or about June 2013, 2012, is also defective and legally void because the amount listed on the NOD in the amount due was incorrect. Plaintiff requested Defendant to provide the correct amount due, however, Defendant has failed to provide this information.  For this additional reason, the NOD is incorrect and deficient.

23. In addition,  the Notice of Default is defective and void as a matter of law because Defendants and each of them, did not comply with California Civil Code section 2923.5, by failing to contact the buyer with any effort to avoid foreclosure.

24.   Under California Civil Code Section 2923.5(a) (1) A mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to Section 2924 until 30 days after initial contact is made as required by paragraph (2)  or 30 days after satisfying the due diligence requirements as described in subdivision (g).   Defendants, failed to comply with this statute under California Law.   Defendants did not even attaché the required declaration of due diligence.   No such diligence was performed by Defendants.

25.  DEFENDANTS intends to foreclose on the Subject Property.

## **FIRST CAUSE OF ACTION**

## **VIOLATION OF HOMEOWNERS BILL OF RIGHTS**

### **(As to All Defendants)**

Complaint For Damages and Equitable Relief

26.     Plaintiff re-alleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.

27. Defendants have violated the Homeowners Bill of Rights by its material violation of the following Civil Codes:

   a. Violation of California Civil Code Section 2923.55 for failing to perform due diligence prior to filing the notice of default on June 2013, and for failure to attach a Declaration of Due Diligence to the Notice of Default.

   b. Violation of California Civil Code Section 2923.7 for failing to appoint a single point of contact after Plaintiff requested a loan modification.

   c. Violation of California Civil Code Section 2924.9 for failing to provide alternatives to foreclosure.

   d. Violation of California Civil Code Section 2924.10 for failing to provide written acknowledgment of loan modification package and failure to provide list of missing items.

   e. Violation of California Civil Code Section 2924.17 for filing of inaccurate notice of default and notice of sale.

Defendants have dual tracked by filing a notice of sale while a loan modification was pending.  Also, the notice of default was unlawfully robo-signed.

Defendants violations were material, malicious and an intentional of a duty to comply owed to Plaintiff.  As a result of breach of these statutes Defendants are in material violation of the Homeowners Bill of Rights and said violation has caused Plaintiff damages in an amount to proven at trial.

WHEREFORE, Plaintiff prays for judgment as set forth below

- 6 -
Complaint For Damages and Equitable Relief

**SECOND CAUSE OF ACTION**
**VIOLATION OF CIVIL CODE SECTION 2923.5**
**(As to all Defendants)**

28.     Plaintiff re-alleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.

29.     NATIONSTAR failed to file a declaration of due diligence when it filed the Notice of Default on June 29, 2013.   NATIONSTAR failed to file the declaration because the required due diligence was not performed by NATIONSTAR.    Plaintiff was never contacted by NATIONSTAR, in person or by telephone, following default on the mortgage, to assess his financial situation and to explore legitimate options to avoid foreclosure as required by statute prior to issuance of a Notice of Default.   Defendant also made no efforts of diligence as required under California Law.   Defendant has not complied with all the statutory requirements of CCC 2923.5.

30.     California Civil Code Section 2923.5(a)(2) requires, at least 30 days before filing a Notice of Default, the Defendants must provide the borrower information on: (1) their right to request a subsequent meeting within 14 days; (2) a toll free number set up by the Department of Housing and Urban Development ("HUD"); (3) an assessment of the borrower's financial situation; and (4) an opportunity to explore options for the borrower to avoid foreclosure.

31.     Defendants have, in violation of this section, failed to inform Plaintiff of any of the required information within 30 days before recording the Notice of Default on their property.

32. Defendants, in violation of this section, have failed to make contact with Plaintiffs with the required information in any way.

33. As a result of their violation of Civil Code Section 2923.5, Defendants have damaged Plaintiff by, without limitation: clouding title to the Subject Property by recording a Notice of Default against the Subject Property and attempting to carry out a foreclosure sale on the property without fulfilling procedural prerequisites.

34. Defendants' actions stated herein are in violation of Civil Code Section 2923.5 and have caused Plaintiff damage in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment as set forth below;

**THIRD CAUSE OF ACTION**
**BREACH OF CONTRACT-FORECLOSURE**
**(As to all Defendant NATIONSTAR)**

35. Plaintiff re-alleges and incorporates by reference all paragraphs above as though fully set forth within this cause of action.

36. Defendant entered into a contract by which Defendant agreed to postpone the foreclosure sale date noticed for the Subject Property (alternatively to not execute the foreclosure sale upon the Subject Property) while the lender continued to process Plaintiff's Short Sale.

37. In refraining from taking protective measures and legal actions, Plaintiff performed all conditions, covenants, and promises required on his part to be performed in accordance with the terms and conditions of the agreement.

38. Defendant manifestly breached the bilateral oral contract by not postponing the foreclosure sale set for September 10, 2014.

39. Defendant's actions have caused Plaintiff damages to be ascertained at trial.

WHEREFORE, Plaintiff prays for judgment as set forth below;

### FOURTH CAUSE OF ACTION
### INJUNCTIVE RELIEF
**(As to all Defendants)**

40. Plaintiff re-alleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.

41. Plaintiff has set out multiple causes of action in which Plaintiff is likely to succeed. On this ground alone, the Court may grant preliminary injunction.

42. Plaintiff further stands under imminent threat of irreparable harm. Having already sold the Subject Property as a result of Defendants reprehensible conduct. On this ground alone, the Court may grant Plaintiff a preliminary injunction prohibiting these actions.

43. Plaintiff has no adequate remedy at law for the injuries that are threatened as a foreclosure and subsequent unlawful detainer action will effectively leave him and his family homeless. On this ground alone, the Court may grant Plaintiff a preliminary injunction.

WHEREFORE, Plaintiff prays for judgment as follows;

**AS TO ALL CAUSES OF ACTION PLAINTIFFS PRAY FOR JUDGMENT AS FOLLOWS:**

1. Damages sustained by the Plaintiffs due to Defendants' wrongful acts in an amount to be proven at trial;

2. For punitive damages against Defendants due to their intentional and wrongful acts;

3. That Plaintiffs recover reasonable attorneys fees and for to recover its costs of suit.

4.    For such other relief that the Court deems just, proper, and equitable.

Dated:  September 8, 2014                    By:  */s/  Edward R. Ramirez, Jr*
  _____
      EDWARD R. RAMIREZ, JR.
      Attorney for Plaintiff