1  MARY KATE SULLIVAN (State Bar No. 180203)
   LASZLO LADI (State Bar No. 265564)
2  ll@severson.com
   SEVERSON & WERSON
3  A Professional Corporation
   One Embarcadero Center, Suite 2600
4  San Francisco, California 94111
   Telephone: (415) 398-3344
5  Facsimile: (415) 956-0439

6  Attorneys for Defendants
   NATIONSTAR MORTGAGE LLC and U.S.
7  BANK, N.A.

8                    UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA — SAN JOSE DIVISION

10

| | |
|---|---|
| 11 ARMANDO AGUIRRE, an individual, | Case No. 5:14-cv-04079-HRL |
| 12    Plaintiff, | **NOTICE OF MOTION; NATIONSTAR MORTGAGE LLC'S AND U.S. BANK, N.A.'S MOTION TO DISMISS COMPLAINT** |
| 13    vs. | |
| 14 NATIONSTAR MORTGAGE LLC; a Texas Limited Liability Corporation; SAGE POINT LENDER SERVICES, LLC, a Texas Limited Liability Corporation; U.S. BANK, a National Association, and DOES 1 through 10, inclusive, | Date: November 18, 2014<br>Time: 10:00 a.m.<br>Place: Courtroom 2 - 5th Floor |
| 17    Defendants. | |

19       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20       PLEASE TAKE NOTICE that on November 18, 2014 at 10:00 a.m. or as soon thereafter

21 as the matter may be heard, in Courtroom 2 - 5th Floor of the above-entitled Court, located at 280

22 South 1st Street, San Jose, California 95113, defendants Nationstar Mortgage LLC ("Nationstar")

23 and U.S. Bank, N.A. ("U.S. Bank") (collectively "Defendants") will and hereby do move for an

24 order dismissing Defendants from the complaint filed by plaintiff Armando Aguirre ("Plaintiff").

25       This motion is made pursuant to Rule 12(b)(6) and is based on the grounds that the

26 complaint and each of its causes of action fails to state a claim against Defendants upon which

27 relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

28

1    This motion is based on this notice of motion and motion, the memorandum of points and
2 authorities and request for judicial notice filed herewith, the complaint and all other pleadings and
3 records on file in this action, and upon such other argument as the Court may consider at the
4 hearing on this motion.

5 DATED: September 24, 2014              Respectfully submitted,

6                                        SEVERSON & WERSON
7                                        A Professional Corporation

9                                        By:  _____/s/ Laszlo Ladi_____
                                                    Laszlo Ladi
10

11                                       Attorneys for Defendants
                                         NATIONSTAR MORTGAGE LLC and U.S. BANK,
12                                       NATIONAL ASSOCIATION

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND ......................................................................................... 1

III. LEGAL STANDARD ..................................................................................................... 1

IV. ARGUMENT .................................................................................................................. 3

    A. Plaintiff's Claims Against Defendants Are Barred By Judicial Estoppel. ................ 3

    B. Plaintiff's First Two Causes of Action Are Barred By HOLA. ............................... 4

        1. Defendants Are Successors in Interest to Countrywide, FSB. ...................... 4

        2. Plaintiff's Allegations Concern the Servicing of Mortgages. ....................... 5

        3. The 2010 Dodd-Frank Regulations Do Not Apply Retroactively to Loans Originated Before 2010. .................................................................... 6

    C. Individually, Plaintiff's Causes of Action Fail to State a Claim. .............................. 7

        1. Plaintiff's First Cause of Action for Violation of the HBR Fails.................. 7

        2. The Second Cause of Action For Violation of Civil Code Section 2923.5 Fails. ............................................................................................... 9

        3. The Third Cause of Action for Breach of Contract Fails to State a Claim. ........................................................................................................... 10

        4. Plaintiff's Fourth Cause of Action Fails Because Injunctive Relief is a Remedy, Not a Cause of Action. ............................................................. 11

V. CONCLUSION ............................................................................................................. 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................................................... 8, 9

*Balistreri v. Pacifica Police Dep't.*,
  901 F.2d 696 (9th Cir.1990) ................................................................................................ 2

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................................... 1, 8, 9

*Champlaie v. BAC Home Loans Servicing, LP*,
  706 F.Supp.2d 1029 (E.D. Cal. 2009) ................................................................................. 8

*Church of Scientology of Cal. v. Flynn*,
  744 F.2d 694 (9th Cir.1984) ................................................................................................ 2

*Clegg v. Cult Awareness Network*,
  18 F.3d 752 (9th Cir.1994) .................................................................................................. 2

*Deschaine v. IndyMac Mortgage Servs.*,
  2013 WL 6054456 (E.D. Cal. Nov. 15, 2013) ..................................................................... 6

*Durning v. First Boston Corp.*,
  815 F.2d 1265 (9th Cir.1987) .............................................................................................. 2

*Gabali v. OneWest Bank, FSB*,
  2013 WL 1320770 (N.D. Cal. Mar. 29, 2013) ..................................................................... 6

*Gallagher v. Holt*,
  436 F. App'x 754 (9th Cir. 2011) ...................................................................................... 10

*HPG Corp. v. Aurora Loan Services, LLC*,
  436 B.R. 569 (E.D. Cal. 2010) ........................................................................................ 3, 4

*In re Huerta*,
  137 B.R. 356 (Bankr. C.D. Cal. 1992) ................................................................................ 4

*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*,
  940 F.2d 397 (9th Cir. 1991) ............................................................................................... 8

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ............................................................................................................ 2

*Mack v. South Bay Beer Distributors*,
  798 F.2d 1279 (9th Cir.1986) .............................................................................................. 2

*Marquez v. Wells Fargo Bank, N.A.*,
  2013 WL 5141689 (N.D. Cal. Sept. 13, 2013) ................................................................. 4, 6

*Metzger v. Wells Fargo Bank, N.A.*,
  2014 WL 1689278 (C.D. Cal. Apr. 28, 2014) .................................................................. 4, 6

*Mullis v. U.S. Bankr. Ct.*,
  828 F.2d 1385 (9th Cir.1987) .................................................................................................. 2

*Mungai v. Wells Fargo Bank*,
  2014 WL 2508090 (N.D. Cal. June 3, 2014) ......................................................................... 9

*Oneida Motor Freight, Inc. v. United Jersey Bank*,
  848 F.2d 414 (3d Cir. 1988) .................................................................................................... 3

*Parks Sch. of Bus., Inc. v. Symington*,
  51 F.3d 1480 (9th Cir.1995) .................................................................................................... 2

*Rockridge Trust v. Wells Fargo, N.A.*,
  985 F. Supp. 2d 1110 (N.D. Cal. 2013) ................................................................................. 9

*Sato v. Wachovia Mortgage, FSB*,
  2011 WL 2784567 (N.D. Cal. July 13, 2011) ........................................................................ 6

*Settle v. World Sav. Bank, F.S.B.*,
  2012 WL 1026103 (C.D. Cal. Jan. 11, 2012) ................................................................ 5, 6, 7

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir.2001) .................................................................................................... 2

*Steckman v. Hart Brewing, Inc.*,
  143 F.3d 1293 (9th Cir.1998) .................................................................................................. 2

*Walker v. Stanley*,
  231 B.R. 343 (N.D. Cal. 1999) ............................................................................................... 4

**STATE CASES**

*Harris v. Rudin, Richman & Appel*,
  74 Cal.App.4th 299 (1999) .................................................................................................... 10

*McDowell v. Watson*,
  59 Cal.App.4th 1155 (1997) .................................................................................................. 11

*McKell v. Washington Mutual, Inc.*,
  142 Cal.App.4th 1457 (2006) ................................................................................................ 10

*Swahn Grp., Inc. v. Segal*,
  183 Cal.App.4th 831 (2010) .................................................................................................... 3

*US Ecology, Inc. v. State of California*,
    129 Cal.App.4th 887 (2005) .................................................................................................. 10

**FEDERAL STATUTES**

11 U.S.C.
    § 521(a) ................................................................................................................................... 3
    § 1302(b) ................................................................................................................................. 4

12 U.S.C.
    § 1464 ...................................................................................................................................... 4
    § 5553 ...................................................................................................................................... 7

**STATE STATUTES**

California Civil Code
    § 2923.5 ........................................................................................................................... 5, 6, 7, 9
    § 2923.5(a)(1)(A) ..................................................................................................................... 7
    § 2923.6 ................................................................................................................................. 6, 8
    § 2923.7 ................................................................................................................................. 6, 9
    § 2924.10 .................................................................................................................................. 8

**RULES**

Federal Rules of Bankruptcy Procedure
    1007(b)(1) ................................................................................................................................ 3
    1007(c) ..................................................................................................................................... 3

Federal Rules of Civil Procedure
    Rule 9(b) .................................................................................................................................. 8
    Rule 12(b)(6) ............................................................................................................................ 1

**REGULATIONS**

12 C.F.R.
    § 560.2(a) ................................................................................................................................. 5
    § 560.2(b) ................................................................................................................................. 5
    § 560.2(b)(10) .......................................................................................................................... 6

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I. INTRODUCTION

Armando Aguirre ("Plaintiff") files suit against Nationstar Mortgage LLC ("Nationstar"), U.S. Bank, N.A. ("U.S. Bank") (collectively "Defendants"), among others, related to foreclosure proceedings concerning real property at 1435 Queens Avenue, Modesto, California 95355 (the "Property"). However, Plaintiff's claims against Defendants should be barred entirely based on judicial estoppel because Plaintiff did not disclose these claims in a bankruptcy Plaintiff filed one day after the complaint was filed. Moreover, Plaintiff's allegation of statutory violations under the California Homeowner Bill of Rights ("HBR") are barred because the loan is subject to the Homeowners Loan Act of 1933 ("HOLA"), which preempts the HBR. Additionally, Plaintiff's causes of action each fail individually. For these reasons, the Court should grant Defendants' motion to dismiss the complaint with prejudice.

### II. FACTUAL BACKGROUND

On or about June 29, 2007, Plaintiff obtained a loan from Countrywide Bank, F.S.B. ("Countrywide") in the amount of $296,100.00 (the "Loan"). Compl. ¶ 13; Request for Judicial Notice ("RJN"), Ex. A. The Loan was secured by a deed of trust (the "Deed of Trust") recorded against the Property. RJN, Ex. A. On or about September 9, 2013, the Deed of Trust was assigned to Nationstar. RJN, Ex. B; *see also* Compl. ¶ 15 (Plaintiff identifies the recording date of the assignment). Nationstar is servicer of the Loan. *See*, *e.g.*, Compl. ¶ 19. U.S. Bank is owner of the note. *See* RJN, Exs. C, E.

Because Plaintiff defaulted on the Loan, on May 7, 2014, Sage Point Lender Services, LLC ("Sage Point") recorded a notice of default (the "Notice of Default"). Compl. ¶ 18; RJN, Ex. C. On August 14, 2014, Sage Point recorded a notice of sale (the "Notice of Sale"). Compl. ¶ 18; RJN, Ex. D. Earlier, Nationstar substituted Sage Point as trustee. RJN, Ex. E.

### III. LEGAL STANDARD

To survive a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *id.* at 554–56, 562–63 (stating that the

1  12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of his

2  claims that would entitle him to relief "has been questioned, criticized, and explained away long

3  enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative

4  gloss on an accepted pleading standard").  Thus, the facts pleaded in the complaint must amount to

5  "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of

6  action."  *Id*. at 555.  Instead, the "[f]actual allegations must be enough to raise a right to relief

7  above the speculative level on the assumption that all the allegations in the complaint are true

8  (even if doubtful in fact)."  *Id*. (internal citation omitted).  Dismissal may be based either on the

9  lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal

10 theories.  *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir.1990).

11         The complaint's factual allegations are accepted as true.  *Church of Scientology of Cal. v.*

12 *Flynn*, 744 F.2d 694, 696 (9th Cir.1984).  The court construes the pleading in the light most

13 favorable to plaintiff and resolves all doubts in plaintiff's favor.  *Parks Sch. of Bus., Inc. v.*

14 *Symington*, 51 F.3d 1480, 1484 (9th Cir.1995).  General allegations are presumed to include

15 specific facts necessary to support the claim.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561

16 (1992).

17         The court may disregard allegations contradicted by the complaint's attached exhibits.

18 *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987); *Steckman v. Hart Brewing*,

19 *Inc.*, 143 F.3d 1293, 1295–96 (9th Cir.1998).  Furthermore, the court is not required to accept as

20 true allegations contradicted by judicially noticed facts.  *Sprewell v. Golden State Warriors*, 266

21 F.3d 979, 988 (9th Cir.2001)(citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th

22 Cir.1987)).  The court may consider matters of public record, including pleadings, orders, and

23 other papers filed with the court.  *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th

24 Cir.1986).  "[T]he court is not required to accept legal conclusions cast in the form of factual

25 allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult*

26 *Awareness Network*, 18 F.3d 752, 754–55 (9th Cir.1994).  Nor need the court accept unreasonable

27 inferences, or unwarranted deductions of fact.  *Sprewell*, 266 F.3d at 988.

28

11951.0474/3441385.1                        2                         5:14-cv-04079-HRL
NOTICE OF MOTION; NATIONSTAR MORTGAGE LLC'S AND U.S. BANK, N.A.'S MOTION TO DISMISS
COMPLAINT

## IV.     ARGUMENT

**A.     Plaintiff's Claims Against Defendants Are Barred By Judicial Estoppel.**

Judicial estoppel applies to "preclude a party from taking inconsistent positions in separate judicial proceedings. It is invoked to prevent a party from changing its position over the course of judicial proceedings when such positional changes have an adverse impact on the judicial process." *Swahn Grp., Inc. v. Segal*, 183 Cal.App.4th 831, 841 (2010). It is an equitable doctrine, invoked by a court at its discretion. *HPG Corp. v. Aurora Loan Services, LLC*, 436 B.R. 569, 576 (E.D. Cal. 2010). Here, the Court should apply judicial estoppel to bar Plaintiff's claims because he filed a bankruptcy petition one day after filing the complaint and the petition did not list any claims against Defendants as an asset of Plaintiff.

"A long-standing tenet of bankruptcy law requires one seeking benefits under its terms to satisfy a companion duty to schedule, for the benefit of creditors, all his interests and property rights." *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 (3d Cir. 1988). The Bankruptcy Code and the Federal Rules of Bankruptcy clearly provides that the debtor shall file a "schedules of assets and liabilities." 11 U.S.C. § 521(a); Fed. R. Bankr. P. 1007(b)(1). Furthermore, the debtor is required to file these schedules within fourteen days of filing the bankruptcy petition. Fed. R. Bankr. P. 1007(c). Here, Plaintiff filed a bankruptcy one day after filing the complaint, on September 10, 2014, and he has not complied.[1] RJN, Ex. F. Plaintiff has not filed any schedules listing assets and liabilities and the bankruptcy court has issued a notice indicating that the court intends to dismiss the case if Plaintiff does not timely filing missing documents. *Id*. As the bankruptcy was filed after the complaint, Plaintiff should have included his claims against Defendants in his schedule of assets.

When a debtor files a bankruptcy petition without filing any schedules, it is clear that the debtor has no intent to actually reorganize, but instead simply seeks to take advantage of the

---

[1] A debtor's schedule B should list all of a debtor's personal property. On line 21 of schedule b, a debtor should list "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each." Thus, Plaintiff should have listed all of his pre-petition claims against Defendants on line 21.

automatic stay and defeat the rights of creditors. This is prima facie evidence of bad faith filing. *Walker v. Stanley*, 231 B.R. 343, 349 (N.D. Cal. 1999)("[t]he Debtors are clearly abusing the system which was designed to allow debtors to achieve their goal in a single case"); *In re Huerta*, 137 B.R. 356, 368 (Bankr. C.D. Cal. 1992). Furthermore, this failure to do so clearly caused harm. Without schedules, the trustee is unable to fulfill the duties required by the Bankruptcy Code, including potentially opposing dismissal of the case. 11 U.S.C. § 1302(b); *In re* Warren, 568 F.3d 1113, 1119 (9th Cir. 2009). "Where a debtor files successive petitions and obtains successive stays without full disclosure of all assets, the debtor derives an unfair advantage if he can later recover on undisclosed claims, and the bankruptcy system is laid bare for abuse." *HPG Corp.*, 436 B.R. at 579.

Here, similarly, Plaintiff filed a bankruptcy petition where he failed to disclose any claims against Defendants. The fact that Plaintiff failed to file any schedules does not prevent the application of judicial estoppel. When Plaintiff filed a bankruptcy petition, he sought the benefit of the automatic stay to delay his creditors. Concurrently, when he filed a petition he agreed to obey the law and truthfully disclose his assets. Plaintiff failed to disclose the claims presented in the complaint, and accordingly, he is now estopped from asserting them.

**B.     Plaintiff's First Two Causes of Action Are Barred By HOLA.**

    **1.     Defendants Are Successors in Interest to Countrywide, FSB.**

Federal savings banks are subject to HOLA and regulated by the Office of Thrift Supervision ("OTS"). *Marquez v. Wells Fargo Bank, N.A.*, 2013 WL 5141689, at *3 (N.D. Cal. Sept. 13, 2013); *see also* 12 U.S.C. § 1464. Here, Nationstar and U.S. Bank are not federally-chartered institutions. However, the majority of courts have found that successors in interest may assert preemption under HOLA even if the successor entity is not a federally-chartered institution. *See*, *e.g.*, *Marquez*, 2013 WL 5141689, at *4 (collecting cases); *Metzger v. Wells Fargo Bank, N.A.*, 2014 WL 1689278, at * 4 (C.D. Cal. Apr. 28, 2014)(citing to OTS opinion letter that holds loan terms should not change because a loan is sold or assigned). Here, the original lender was Countrywide, FSB, a federal savings bank. Compl. ¶ 13; RJN, Ex. A. The Deed of Trust specifies that the governing law includes federal law. RJN, Ex. A at p. 9. It also defines the applicable law

11951.0474/3441385.1                           4                           5:14-cv-04079-HRL
NOTICE OF MOTION; NATIONSTAR MORTGAGE LLC'S AND U.S. BANK, N.A.'S MOTION TO DISMISS COMPLAINT

as "…all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders…" RJN, Ex. A at p. 2. Therefore, here, Plaintiff contracted with a federal savings bank and the parties agreed to be bound by HOLA under the Deed of Trust. Moreover, Nationstar is a successor entity because Nationstar was assigned the Deed of Trust and is the Loan's servicer. Compl. ¶ 15; RJN, Ex. B. U.S. Bank is a successor entity because it is the owner of the note on whose behalf Nationstar is acting as servicer. *See* RJN, Exs. C, E.

### 2. Plaintiff's Allegations Concern the Servicing of Mortgages.

Having demonstrated that HOLA applies to Defendants in this case, Plaintiff's claims under the HBR fail as a matter of law because they are preempted by HOLA. Federal law preempts state law when: (1) Congress expressly states that it does; (2) federal regulation of a field is so broad as to make reasonable the inference that Congress left no room for states to supplement it; or (3) when state law actually conflicts with federal law. *Settle v. World Sav. Bank, F.S.B.*, 2012 WL 1026103, at * 11 (C.D. Cal. Jan. 11, 2012). Under HOLA, the OTS enacted 12 C.F.R. § 560.2(a), which states in part:

> To enhance safety and soundness and to enable federal savings associations to conduct their operations in accordance with best practices (by efficiently delivering low-cost credit to the public free from undue regulatory duplication and burden), OTS hereby occupies the entire field of lending regulation for federal savings associations. OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation. 12 C.F.R. § 560.2(a).

Moreover, under 12 C.F.R. § 560.2(b), the OTS has also provided a non-exhaustive list of the types of state laws that are expressly preempted. These include, among other laws, state regulation dealing with terms of credit, loan-related fees, servicing fees, disclosure and advertising, loan processing, loan origination, and servicing of mortgages. 12 C.F.R. § 560.2(b). Here, Plaintiff's first cause of action claims statutory violations under the HBR based on alleged dual tracking, based on purported inaccuracies in the Notice of Default, based on a failure to conduct loss mitigation under California Civil Code section 2923.5, and for failing to correctly process Plaintiff's alleged loan modification application. Compl. ¶ 27. In his second cause of action Plaintiff alleges Defendants violated Civil Code section 2923.5. Compl. ¶ 29. However, all

of this purported conduct concerns the "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." *See* 12 C.F.R. § 560.2(b)(10). In *Marquez v. Wells Fargo Bank*, the court found that claims under Civil Code section 2923.7 for a purported failure to provide a single point of contact, claims under Civil Code section 2923.5 for an alleged failure to conduct due diligence prior to recording a notice of default, and claims under Civil Code section 2923.6 for recording a notice of default before determining the plaintiffs were eligible for a loan modification were all preempted by HOLA. *Marquez*, 2013 WL 5141689, at *5. Similarly, in *Deschaine v. IndyMac Mortgage Servs*, the Eastern District of California court found that claims of dual tracking under Civil Code section 2923.6 as well as claims under 2923.7 were preempted by HOLA. *Deschaine v. IndyMac Mortgage Servs.*, 2013 WL 6054456, at *8–9 (E.D. Cal. Nov. 15, 2013); *see also Metzger*, 2014 WL 1689278, at * 6 (claims that servicer did not comply with section 2923.5 and that servicer engaged in dual tracking under HOLA are preempted); *Gabali v. OneWest Bank, FSB*, 2013 WL 1320770, at 10 (N.D. Cal. Mar. 29, 2013)(claims that servicer was required to offer a loan modification under state law are preempted); *Sato v. Wachovia Mortgage, FSB*, 2011 WL 2784567, at *6 (N.D. Cal. July 13, 2011)(claims under section 2923.5 are preempted by HOLA because they impose additional notice and disclosure requirements). Here, as in the above cases, Plaintiff's allegations are based on statutory provisions that impose additional processes on Defendants in the mortgage process. These claims are therefore preempted.

**3.    The 2010 Dodd-Frank Regulations Do Not Apply Retroactively to Loans Originated Before 2010.**

Plaintiff may contend that HOLA no longer preempts the HBR because the Dodd–Frank Wall Street Reform Act and Consumer Protection Act of 2010 ("Dodd-Frank") modified HOLA's preemption regulations. *See Settle v. World Sav. Bank, F.S.B.*, 2012 WL 1026103, at *13 (C.D. Cal. Jan. 11, 2012). However, courts have agreed that the statute does not apply retroactively. *Id*. (collecting cases). In fact, Dodd-Frank itself explicitly provides:

> This title, and regulations, orders, guidance, and interpretations prescribed, issued, or established by the Bureau, shall not be construed to alter or affect the applicability of any regulation, order,

> guidance, or interpretation prescribed, issued, and established by the Comptroller of the Currency or the Director of the Office of Thrift Supervision regarding the applicability of State law under Federal banking law to any contract entered into on or before the date of enactment of this Act, by national banks, Federal savings associations, or subsidiaries thereof that are regulated and supervised by the Comptroller of the Currency or the Director of the Office of Thrift Supervision, respectively. 12 U.S.C. § 5553; see also *Settle*, 2012 WL 1026103, at *13.

While courts have disagreed over whether the new preemption analysis applies going forward from July 21, 2010 (the date the bill was passed) or July 21, 2011 (the date the bill took effect), the disagreement is meaningless where the borrowers entered into the loan agreement long before Dodd-Frank. *Settle*, 2012 WL 1026103, at *15. Because Dodd-Frank explicitly provides it does not apply to any contract entered before the enactment of Dodd-Frank, the date the parties contracted (or when the loan originated) is relevant to determine whether Dodd-Frank applies. *Id*. Here, Plaintiff entered the Loan with Countrywide in June 2007, well before Dodd-Frank. Compl. ¶ 13; RJN, Ex A. As a result, Dodd-Frank does not apply and HOLA still preempts the HBR provisions at issue. Thus, Plaintiff's first two causes of action fail entirely as a matter of law.

**C.     Individually, Plaintiff's Causes of Action Fail to State a Claim.**

**1.     Plaintiff's First Cause of Action for Violation of the HBR Fails.**

In his first cause of action, Plaintiff alleges that Defendants violated the HBR through the following conduct: (1) failing to conduct due diligence and failing to attach a declaration as required under Civil Code section 2923.5; (2) recording the Notice of Default with an inaccurate amount; (3) failing to appoint a single point of contact; (4) failing to acknowledge Plaintiff's loan modification application; and (5) filing the Notice of Sale while his loan modification application was pending. Compl. ¶¶ 27, 21. However, all of these claims fail.

As to Plaintiff's claim that Defendants failed to comply with Civil Code section 2923.5 by not including a required declaration of compliance, the judicially noticeable Notice of Default does contain the required declaration of compliance under section 2923.5. RJN, Ex. C. It states that Nationstar conducted due diligence but could not contact Plaintiff. *Id.* Under section 2923.5, a servicer may comply by either discussing loss mitigation with a borrower or conducting due diligence in attempting to contact the borrower (even if no contact is ultimately made). Cal. Civ.

1  Code § 2923.5(a)(1)(A).  In light of this declaration of compliance contained on the Notice of
2  Default, Plaintiff's conclusory allegations of non-compliance with the due diligence requirement
3  are implausible.  *See Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A
4  complaint does not suffice it simply tenders "naked assertions devoid of further factual
5  enhancement."  *Iqbal*, 556 U.S. at 678 (citation omitted).  A claim has facial plausibility only
6  when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable
7  inference that the defendant is liable for the misconduct alleged.  *Id*.

8        Plaintiff's claim that the Notice of Default was inaccurate, because the amount due was
9  incorrect, is similarly implausible.  *See* Compl. ¶¶ 21, 27.  Although Plaintiff's claims fail even the
10 plausibility standard, allegations that a lender misstated a debt sound in fraud and are subject to
11 the higher fraud pleading standards in Federal Rule of Civil Procedure Rule 9(b).  *Champlaie v.*
12 *BAC Home Loans Servicing, LP*, 706 F.Supp.2d 1029, 1055 (E.D. Cal. 2009).  Under this rule,
13 "[i]n alleging fraud … a party must state with particularity the circumstances constituting fraud
14 …."  Fed. R. Civ. Proc. 9(b).  This "requires a pleader of fraud to detail with particularity the time,
15 place, and manner of each act of fraud, plus the role of each defendant in each scheme."
16 *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist*., 940 F.2d 397, 405 (9th Cir. 1991).  Under
17 either standard, Plaintiff's claims are insufficient.

18       Plaintiff's allegations concerning his loan modification application fails because Plaintiff
19 does not allege essential elements.  Again, a claim has facial plausibility only when the plaintiff
20 pleads sufficient factual content that allows the court to draw the reasonable inference that the
21 defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678.  Plaintiff does not allege
22 that he submitted his application before the Notice of Default or Notice of Sale were recorded.
23 *See* Compl. ¶ 27.  Nor does Plaintiff allege he submitted a **complete** loan modification application.
24 *Id*.  The HBR only prohibits the recording of a notice of default and notice of sale if a borrower
25 submits a complete first lien loan modification application before these documents are recorded.
26 Cal. Civ. Code § 2923.6(c).  Similarly, a servicer is required to acknowledge receipt when the
27 borrower submits a complete first lien loan modification application.  Cal. Civ. Code § 2924.10.
28

1  But again, Plaintiff does not allege he submitted a complete application or when he submitted this
2  alleged application.  *See* Compl. ¶ 27.
3        Finally, to state a claim for a failure to provide a single point of contact under Civil Code
4  section 2923.7, a borrower must allege that they requested a foreclosure prevention alternative.
5  Cal. Civ. Code § 2923.7(a); *Mungai v. Wells Fargo Bank*, 2014 WL 2508090, at *9 (N.D. Cal.
6  June 3, 2014).  A borrower must also allege injury.  *Rockridge Trust v. Wells Fargo, N.A.*, 985 F.
7  Supp. 2d 1110, 1152 (N.D. Cal. 2013).  Here, as discussed above, Plaintiff does not allege when,
8  if at all, he submitted his loan modification application or he requested a foreclosure prevention
9  alternative.  *See* Compl. ¶ 27.  Nor does Plaintiff allege he suffered any damages from the
10 purported failure to provide a single point of contact.   *See* Compl.  Accordingly, this claim also
11 fails to state a viable claim.
12       For the above reasons, Plaintiff's first cause of action fails to state a claim.  Because this
13 claim is preempted as to the Loan under HOLA, the Court should dismiss this cause of action with
14 prejudice.
15       **2.**      **The Second Cause of Action For Violation of Civil Code Section 2923.5 Fails.**
16       In his second cause of action, Plaintiff again alleges that Defendants violated Civil Code
17 section 2923.5 when Nationstar did not file a declaration of compliance with section 2923.5 when
18 it recorded the Notice of Default and because Nationstar did not contact Plaintiff as required under
19 section 2923.5.  Compl. ¶¶ 29, 31.  As discussed above, Plaintiff's allegation that the Notice of
20 Default does not contain a declaration of compliance is directly refuted by the judicially noticeable
21 Notice of Default.  RJN, Ex. C.  As also discussed above, Plaintiff's conclusory allegation of non-
22 compliance with section 2923.5 are implausible in light of this declaration of compliance
23 contained on the Notice of Default.  *See Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. .
24 Tellingly, Plaintiff is not even consistent with his own earlier allegations when he gives the
25 recording date for the Notice of Default (he states June 29, 2013 and earlier he provides the correct
26 recording date of May 7, 2014).  *Compare* Compl. ¶ 18; *with* Compl. ¶ 29.  This is a further reason
27 to discount Plaintiff's conclusory allegations and require him to allege sufficient facts to meet the
28 plausibility standard.  Accordingly, Plaintiff's second cause of action does not state a claim

1  against Defendants.  Because this claim is preempted under HOLA, the Court should dismiss this
2  cause of action with prejudice.

3  **3.     The Third Cause of Action for Breach of Contract Fails to State a Claim.**

4  Plaintiff's third cause of action for breach of contract alleges that Nationstar entered into a
5  contract with Plaintiff to postpone the foreclosure sale while Defendants allegedly processed
6  Plaintiff's short sale.  Compl. ¶ 36.  Plaintiff complains that Nationstar breached this agreement by
7  not postponing the sale set for September 10, 2014.  Compl. ¶ 38.

8  A cause of action for breach of contract requires pleading of a contract, plaintiff's
9  performance or excuse for failure to perform, defendant's breach, and damage to plaintiff resulting
10 therefrom.  *McKell v. Washington Mutual, Inc.*, 142 Cal.App.4th 1457, 1489 (2006).  While the
11 adequacy of consideration is not relevant under California law, Plaintiff must still prove the
12 existence of consideration.  *Gallagher v. Holt*, 436 F. App'x 754, 755 (9th Cir. 2011).  Here,
13 Plaintiff does not allege any consideration he provided to receive the benefit of the postponement.
14 *See* Compl.  Along those lines, Plaintiff does not attach the purported contract or fully set out its
15 terms.  *Id*.  In actions based on breach of a written contract, the terms of the contract must be set
16 out in the body of the complaint or the written contract must be attached and incorporated by
17 reference into the complaint.  *Harris v. Rudin, Richman & Appel*, 74 Cal.App.4th 299, 307(1999).
18 This cause of action also fails because Plaintiff alleges no breach or damages: the sale did not go
19 forward on September 10, 2014.  Plaintiff's counsel prepared the unverified complaint on
20 September 8, 2014, two days before the sale.  Thus, Plaintiff could not have pled facts establishing
21 a breach when it could not have occurred yet.  Moreover, since then, no sale has yet occurred.

22 In the event Plaintiff seeks to argue promissory estoppel in the alternative, this claim still
23 fails. The elements of a promissory estoppel claim are: (1) a promise that is clear and
24 unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance
25 must be reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his
26 or her reliance.  *US Ecology, Inc. v. State of California*, 129 Cal.App.4th 887, 901–902 (2005).
27 Promissory estoppel employs equitable principles to satisfy the requirement that consideration
28 must be given in exchange for the promise to be enforced.  *Id*.  Here, Plaintiff does not allege any

facts establishing his reliance or damages based on the purported promise to postpone the sale. *See* Compl.

For the foregoing reasons, the Court should grant Defendants' motion to dismiss this cause of action with prejudice.

### 4. Plaintiff's Fourth Cause of Action Fails Because Injunctive Relief is a Remedy, Not a Cause of Action.

In his fourth and final cause of action, Plaintiff seeks injunctive relief based on the claims stated above. Compl. ¶ 41. However, injunctive relief is not a cause of action. It is a remedy that is must be tethered to some independent legal duty owed by the defendant to the plaintiff. *McDowell v. Watson*, 59 Cal.App.4th 1155, 1159 (1997). As discussed above, Plaintiff's claims above all fail to state a claim. Accordingly, the Court should dismiss this cause of action with prejudice as well.

### V.   CONCLUSION

For the above reasons, the Court should grant Defendants' motion to dismiss the complaint with prejudice. Plaintiff did not disclose his claims against Defendants in his bankruptcy, which was filed one day after the complaint. Moreover, the first two causes of action are preempted by HOLA, as they related to the servicing of mortgages. Plaintiff's causes of action also contain individual defects. Accordingly, Defendants respectfully request the Court grant their motion to dismiss the complaint with prejudice.

DATED: September 24, 2014              Respectfully submitted,

SEVERSON & WERSON
A Professional Corporation

By:   */s/ Laszlo Ladi*
      Laszlo Ladi

Attorneys for Defendants
NATIONSTAR MORTGAGE LLC and U.S. BANK, N.A.